IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND RAUL TOMAS GUTIERREZ,<br><br>       Plaintiffs,<br><br>  v.<br><br>INTERSTATE HOTELS, L.L.C., HMC ACQUISITION PROPERTIES, INC., dba SAN FRANCISCO MARRIOTT AT FISHERMAN'S WHARF; JOHN TROVATO; PENNY RICHARDSON,<br><br>       Defendants.<br>_____/ | No. C 04-04092 WHA<br><br>**ORDER RE DEFENDANTS' REQUEST FOR PROTECTIVE ORDER SUBMITTED BY PLAINTIFF EEOC AND PLAINTIFF-IN-INTERVENTION RAUL GUTIERREZ** |

      On May 23, 205, the parties appeared before the Court for a telephone hearing on defendants' request for a protective order prohibiting *ex parte* communications with its managers and screening written notices to Interstate's current employees, as set forth in the May 11, 2005, letter submitted by defendants' counsel. On May 12, 2005, plaintiff and plaintiff-in-intervention filed a joint letter objecting to the scheduling of the hearing. On May 16, 2005, plaintiff filed its letter in opposition. On May 17, 2005, plaintiff-in-intervention filed his letter in opposition. After reviewing the respective papers and hearing the argument of counsel, the Court adopted the following rulings:

      1.    Defendants' request for a protective order is denied.

2. Defendants shall provide an updated list of persons considered to be or managers or supervisors, which shall be reasonably tailored to the facts of this case. Counsel for plaintiffs shall not contact or communicate with managers or supervisors employed by defendants regarding the subject matter of this action during the pendency of this case and outside the presence of defendants' counsel in accordance with Rule 2-100 of the California Rules of Professional Conduct. Prior to contacting or communicating with a manager or supervisor identified on defendant's list, counsel for plaintiffs shall:

    (a) notify defendants' counsel of the individuals to be contacted and address the reasons why such persons should be excluded from the list;

    (b) provide the defendants' counsel with five (5) days to explain its position on why those persons should not be contacted *ex parte;*

    (c) meet and confer on any individual in dispute; and

    (d) for those individuals who remain in dispute, plaintiffs may move for relief from this order. The prohibition against contacting any disputed individuals remains in effect while such a motion is pending.

3. Defendant's request for an order excluding introduction of evidence located in the personnel files of Alex Brena is denied without prejudice.

4. Plaintiffs shall not send any written notices or similar written communications to any employees of defendants (other than those identified as a member of the proposed class) without first disclosing it to defendants' counsel and conferring in good faith on the content to avoid undue prejudice or harm.

**IT IS SO ORDERED.**

Dated: June 7, 2005.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE