```
WILLIAM R. TAMAYO – #084965 (CA)
JONATHAN T. PECK -- #12303 (VA)
CINDY O'HARA -- #114555 (CA)
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California  94105
Telephone:    (415) 625-5653
Facsimile:     (415) 625-5657
```

Attorneys for Plaintiff Equal Employment Opportunity Commission

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | Civil Action No. C-04-4092 WHA |
| Plaintiff, | [proposed] |
| and | **ORDER RE: PLAINTIFF EEOC'S REQUEST TO COMPEL PRODUCTION OF PERSONNEL FILES** |
| **RAUL GUTIERREZ**, | |
| Plaintiff-Intervenor | |
| v. | |
| **INTERSTATE HOTELS, L.L.C.,** et al., | |
| Defendants. | |

Plaintiff Equal Employment Opportunity Commission (EEOC)'s July 5, 2005 request for an Order compelling Defendant Interstate Hotels, L.L.C. to produce the personnel files of Caucasian employees in Defendant's Food and Beverage Department at the Marriott Fisherman's Wharf hotel, including in particular the personnel file of employee Allen Warner, was heard by the Court by telephone on August 16, 2005. All parties appeared through their respective counsel. Having considered the letters and evidence submitted, and heard the arguments of the parties, the Court now issues the following Order:

The Court hereby grants the EEOC's request to obtain information from the

personnel files of Caucasian employees in Defendant's Food and Beverage Department subject to the following conditions:

1.  Defendant is obligated to produce information regarding Food and Beverage Department Caucasian employees who worked at least forty (40) days during the time period of Department Manager Cushroo Elavia's employment.

2.  Defendant has two options for the manner of production of that information. Defendant's options are:

    a.  Produce the information in the form of a sworn interrogatory response. Said response will contain, as to each employee: his or her full name; race; national origin; primary language; dates of employment; career path (including all job titles, promotions and demotions, and dates of same); any disciplinary memos or actions; any documents reflecting consideration of discipline or disciplinary possibilities; any complaints about Elavia; performance evaluations; any references to national origin or race; any request for, grants of, or other documents reflecting vacation, personal time off, and sick leave.

        If Defendant chooses this option, within three (3) days of Defendant's provision of its interrogatory response, Plaintiff EEOC can designate five (5) files of its choosing to verify whether Defendant's response is an accurate summary of the files. If Plaintiff EEOC finds it to be, Defendant has then fulfilled its obligation. If Plaintiff EEOC finds that Defendant's response is not a reasonable summary, then Defendant must immediately produce all the files to Plaintiff EEOC.

        The Court advises Defendant that if it intends to use material from any of these files in its case in chief, the production of this interrogatory response does not absolve Defendant of its disclosure obligations under Federal Rule of Civil Procedure Rule 26(a).

    b.  As an alternative manner of production, Defendant may instead produce

1  the actual personnel files to Plaintiff EEOC.  Defendant may accomplish
2  this either by copying the files and providing the copies to Plaintiff
3  EEOC, or by making the files available to Plaintiff EEOC and allowing
4  Plaintiff EEOC to copy the documents it chooses.  The Court advises
5  Plaintiff EEOC that its selection of documents for copying should be
6  reasonable, using the categories of information designated in Paragraph
7  2.a. above as guidelines for the types of documents to be copied.  EEOC
8  trial attorney Cindy O'Hara should conduct the review of the documents.
9  Whichever option Defendant chooses, production should take place no later than
10 two weeks from the date of the hearing, in other words, no later than August 30, 2005.
11 IT IS SO ORDERED.

14 Dated: August 24, 2005

*IT IS SO ORDERED*
*Judge William Alsup*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

18 Approved as to form:
19 Dated: August 19, 2005                            Dated August 19, 2005
20 _____/S/_____                     _____/S/_____
21 Joan Herrington, Counsel for Plaintiff            Michael Hoffman, Counsel for
   Intervenor Raul Gutierrez                        Defendants Interstate Hotels, L.L.C.; HMC
22                                                  Acquisition Properties, Inc.; John Trovato;
                                                    and Penny Richardson
23

24 E-filing concurrence: I, Cindy O'Hara, attorney for Plaintiff EEOC, in submitting this
   proposed order, certify that I have obtained the concurrence as to form from Ms.
25 Herrington and Mr. Hoffman.