1  WILLIAM R. TAMAYO – #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  CINDY O'HARA -- #114555 (CA)
   RAYMOND CHEUNG – #176086 (CA)
3  EQUAL EMPLOYMENT OPPORTUNITY
     COMMISSION
4  San Francisco District Office
   350 The Embarcadero, Suite 500
5  San Francisco, California 94105
   Telephone:    (415) 625-5653
6  Facsimile:     (415) 625-5657

7  Attorneys for Plaintiff Equal Employment Opportunity Commission

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  **EQUAL EMPLOYMENT OPPORTUNITY**     )     Civil Action No. C-04-4092 WHA
12  **COMMISSION,**                       )
                                          )
13              Plaintiff,                )
    and                                   )     CONSENT DECREE
14                                        )
    **RAUL GUTIERREZ**,                   )
15                                        )
                Plaintiff-Intervenor      )
16                                        )
    v.                                    )
17                                        )
    **INTERSTATE HOTELS, L.L.C.,** et al., )
18                                        )
                Defendants.               )
19  _____ )

20          Plaintiff Equal Employment Opportunity Commission ("Commission") filed this

21  action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of

22  1991 to correct alleged unlawful employment practices, and to provide appropriate

23  relief to individuals who the Commission alleged were adversely affected by such

24  practices. The Commission alleged that Defendant Interstate Hotels, L.L.C.

25  ("Interstate") subjected employees to unlawful harassment based on their national

26  origin and/or retaliation in violation of Title VII. Defendant Interstate denied all the

27  Commission's allegations. The Commission and Defendant Interstate now seek to

28  resolve this action as to each other without further contested litigation through the

instant Consent Decree.  This resolution does not constitute an admission of liability on the part of Interstate, nor constitute a finding on the allegations stated in the Commission's Complaint.

The Court has reviewed this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves this Consent Decree.

THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

**GENERAL PROVISIONS**

1.     This Court has jurisdiction over the subject matter and the parties to this action.  This Court retains jurisdiction over this Consent Decree during its term.

2.     This Consent Decree constitutes a full and final resolution of the Commission's claims against Defendant Interstate in this action.

3.     This Consent Decree will become effective upon its entry by the Court.

4.     This Consent Decree is final and binding upon the parties to it, their successors and assigns.

5.     The Commission and Interstate will each bear its own costs and attorneys fees in this action.

**GENERAL INJUNCTIVE RELIEF**

6.     Defendant Interstate and its current officers, agents, employees, and all persons in active concert or participation with them will comply with all requirements of Title VII with respect to providing a work environment free from discrimination, including harassment, on the basis of national origin.

7.     Defendant Interstate and its current officers, agents, employees, and all persons in active concert or participation with them agree not to retaliate against Raul Gutierrez ("Charging Party") Juan Abrego, Rolando Amaya, Sylvana DeLosSantos, Maria Escobar, Reynaldo Garcia, Ruben Gasca, Rose Gouveia, Reynaldo Largaespada, Peter Marocco, Sergio Ortiz, Luis Pulido, Florencio Solis, Julio Vargas, and Carlos Vales, or any other person who testified, was identified as a potential witness or claimant, or otherwise participated in any manner in the Commission's investigation and the

1  proceedings in this case.

2  **SPECIAL INJUNCTIVE RELIEF**

3      **Non-Discrimination Policies**

4      8.      Within sixty (60) days of the entry of this Consent Decree, Defendant

5  Interstate will redistribute its non-discrimination policy, in both English and Spanish, to

6  all current employees at its Marriott Fisherman's Wharf facility ("Marriott FW").

7      9.      Upon the employment of new employees at Defendant Interstate,

8  Interstate will distribute its non-discrimination policy to those employees.

9      **Training**

10      10.      No later than six (6) months from the entry of this Consent Decree,

11  Defendant Interstate will use an outside consultant, paid for by Interstate, to train all

12  employees responsible for supervising or managing employees at Marriott FW, and

13  former General Manager John Trovato, regarding national origin-based discrimination.

14  This training will be repeated once a year each year for the duration of this Consent

15  Decree.

16      11.      No later than six (6) months from the entry of this Consent Decree,

17  Defendant Interstate will use an outside consultant, paid for by Interstate, to train its

18  human resources staff on how to conduct an investigation into complaints of

19  discriminatory harassment.  This training will be repeated once a year each year for the

20  duration of this Consent Decree.

21      **Record Keeping and  Reports**

22      12.      Within thirty (30) days after completing the training described in

23  paragraphs 10 & 11, Interstate will mail to counsel for the Commission a report

24  containing the date(s) of training, list(s) of all attendees, and copies of all materials

25  distributed at the training.

26      13.      Once every six (6) months to be measured beginning at the date of entry

27  of this Consent Decree and continuing for the duration of this Consent Decree,

28  Interstate will notify the counsel for the Commission whether it has received any

1   complaints of discrimination and/or harassment based on national origin at Marriott

2   FW, what steps were taken in response to that information, and how the situation was

3   resolved.

4       14.     If the documents referenced in paragraphs 12 & 13 are not timely received

5   by counsel for the Commission, then the Commission shall give written notice that the

6   documents have not been received, and shall give Interstate fifteen (15) calendar days to

7   submit the required documents. The failure of Interstate to provide said documents to

8   counsel for the Commission shall not be a violation of this Consent Decree unless and

9   until the passage of the fifteen (15) day period following the written notice from the

10  Commission to Interstate.

11  **MONETARY RELIEF**

12      15.     Interstate will pay the sum of $320,000.00 in settlement of all claims

13  asserted in this action. The portion of that amount to be distributed to Plaintiff-

14  Intervenor Raul Gutierrez will be processed according to the provisions of a separate

15  agreement and release between Interstate and Gutierrez. The portion of that amount to

16  be distributed to the similarly situated individuals will be allocated among those

17  individuals as determined by the Equal Employment Opportunity Commission, as

18  damages and in complete satisfaction of the Commission's claims against Interstate on

19  said individuals' behalf as set forth in its Complaint. These sums will be paid by check

20  directly to each individual in his or her name, provided that the individual has executed

21  a separate release of claims. The checks will be sent to each individual via certified

22  mail, at addresses to be provided to Interstate by the Commission. A copy of said

23  checks and their transmittal letters will be sent to Commission counsel Cindy O'Hara at

24  the San Francisco District Office. Said checks will be transmitted by Defendant

25  Interstate no later than thirty (30) days after the entry of this Consent Decree, provided

26  that Interstate has received the individual's aforementioned executed release.

27  **EXPIRATION OF CONSENT DECREE**

28      16.     This Consent Decree constitutes a full and final resolution of all the

1   Commission's claims against Interstate in this action. This Consent Decree will expire

2   thirty (30) months after its entry by the Court, provided that Interstate has substantially

3   complied with the terms of this Consent Decree.  The Commission agrees to give

4   Defendant Interstate advance written notice of any alleged failure to comply with the

5   terms of this Consent Decree and a reasonable opportunity to cure any alleged breach

6   before seeking court relief for breach of the Consent Decree. Defendant Interstate will

7   be deemed to have complied substantially if the Court has not made any findings or

8   orders during the term of the Decree that Defendant Interstate has failed to comply

9   with any of the terms of this Decree.

10        **E-filing concurrence:**   I, Cindy O'Hara, attorney for Plaintiff Commission, attest

11   that I have obtained the concurrence of Michael Hoffman, attorney for Defendant

12   Interstate Hotels, L.L.C., for the lodging of this Consent Decree.

13   On Behalf of Plaintiff Commission:               On Behalf of Defendant Interstate:

14

15   Dated: October 3, 2005                           Dated:  October 3, 2005

16   EQUAL EMPLOYMENT                                 INTERSTATE HOTELS, L.L.C.
     OPPORTUNITY COMMISSION

17

18   _____/S/_____                     _____/S/_____
     WILLIAM R. TAMAYO                                GREG SMITH

19   Regional Attorney                                Senior Vice President, Human Resources

20   _____/S/_____

21   JONATHAN PECK
     Supervisory Trial Attorney

22

23   _____/S/_____
     CINDY O'HARA

24   Senior Trial Attorney

25

26        **ORDER**

27        It is so ordered.

28   Dated: October 5, 2005

     _____
     United States District Court Judge

IT IS SO ORDERED

Judge William Alsup